United States District Court
Southern District of Texas

**ENTERED**

December 12, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal Action No. H-11-262 |
| v. | § | |
| | § | Civil Action No. H-15-1630 |
| PATRICK BREWER REGAN. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate proceeding *pro se*, filed this section 2255 motion challenging his conviction. (Docket Entry No. 227.) The Government filed a motion for summary judgment (Docket Entry No. 234), to which Defendant filed a response without serving a copy on the Government (Docket Entry No. 238).[1]

Based on consideration of the motions, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DENIES** the section 2255 motion, as follows.

## I. BACKGROUND AND CLAIMS

On January 24, 2012, Defendant pleaded guilty to conspiracy to make false statements to a federal firearms licensee (Count 1); making a false statement to a federal firearms licensee (Count 2); dealing in firearms without a license (Count 10); possession of firearms with obliterated serial numbers (Count 11); and possession of an unregistered firearm (Count

---

[1] Defendant's failure to serve the Government a copy of his response violates federal and local rules, as well as this Court's prior orders. Consequently, the response is non-compliant and is not properly before the Court. Nevertheless, the Court has considered the response in the interest of justice, and finds that it provides no basis for denying the Government's motion for summary judgment.

12).  On June 13, 2013, the Court sentenced Defendant to a cumulative 101-month term of imprisonment, to be followed by a term of supervised release.  Although Defendant waived his right to appeal in his plea agreement, he appealed his conviction to the Fifth Circuit Court of Appeals.  The appeal was dismissed as frivolous.  The Government acknowledges that Defendant timely filed the instant section 2255 proceeding.

Defendant raises the following five grounds for habeas relief:

1.    Counsel was ineffective at re-arraignment and sentencing;

2.    The Court made procedural errors at sentencing;

3.    The guilty plea as to Count 12 is unsupported by evidence;

4.    The waiver of post-conviction relief is unenforceable due to counsel's conflict of interest; and

5.    Immunized information was used to enhance Defendant's sentence.

The Government argues that these claims lack merit and should be summarily dismissed.

## II.  LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255

2

is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Moreover, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default, and actual prejudice resulting from the error. *Placente*, 81 F.3d at 558.

### III. FACTUAL BACKGROUND

During Defendant's plea hearing, the Government presented the following summary of the evidence it would have offered at trial to support a finding of guilt:

> Beginning on or about January 24th of 2008 and continuing until on or about March 10th of 2011 Mr. Patrick Brewer Regan, along with Ximena Arias and Nicolas Alig, did knowingly combine, conspire, confederate, and agree with each other and other persons, known and unknown, in connection with the acquisition of firearms for multiple facility licensed dealers of firearms to knowingly make false written statements and representations to said licensed dealers with respect to information required by the provisions of Chapter 44 of Title 18 ... to be kept in the records of respective licensed dealers, and that the defendants who aided and abetted one another represented on ATF Forms 4473 that they were the actual buyers of the firearms, when in fact, as the defendant well knew, they were not the actual buyers of the firearms. The defendant would and did purchase said firearms on behalf of others, known and unknown. The defendant would and did purchase specific types of firearms as requested by the actual purchasers who promised them payment for doing so. The defendants would and did purchase these firearms knowing they would be transported to Colombia for persons to whom transfer of such firearms was prohibited by United States and Colombian law.

Specifically, the defendant's wife, Ximena Arias, wired Regan money from Colombia between October of 2009 and May of 2010. This money was from the proceeds from the firearms sent by Regan to Colombia. Several of the packages containing firearms sent by Regan to Colombia were received by Arias. On occasion Arias helped Regan package firearm parts in preparation of their shipment to Colombia. On occasion Arias and Regan would mail packages of firearms and firearm parts via UPS or FedEx to Colombia. At Regan's direction, Alig bought several FM pistols from FFLs in Oklahoma and then gave Regan these firearms. In addition, the defendant, Patrick Brewer Regan, would obliterate the serial numbers on the firearms before shipping them to Colombia.

And during a search warrant that was executed on March 8th of 2011, a Surplus Model Low 15.232 caliber semiautomatic rifle having a barrel of less than 16 inches in length was in the defendant's, Mr. Patrick Brewer Regan, [possession] and that firearm was not registered, as required by him, in the National Firearm Registration and Transfer record. The defendant acquired the firearms from multiple dealers throughout the country knowing that he was not licensed to do so and with the knowledge that this activity was unlawful.

The firearms were manufactured out of the State of Texas and had been shipped in interstate commerce prior to being possessed by the defendant. And the offenses were committed within Harris County, in the Southern District of Texas.

(Docket Entry No. 211, pp. 9–11). Defendant acknowledged on the record in open court that the Government had accurately summarized the offense conduct. *Id.* p. 12.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

4

serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984).  In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Defendant claims here that his plea and waiver of collateral review were the result of ineffective assistance of trial counsel.  In support, Defendant raises the following arguments.

A.    Conflict of Interest

To prevail on a claim for ineffective assistance predicated on a conflict of interest, a petitioner must establish existence of an "actual conflict" that "adversely affected" counsel's representation. *United States v. McCaskey*, 9 F.3d 386, 381 (5th Cir. 1993).

Defendant claimed in his habeas petition that counsel labored under a conflict of interest because he allegedly represented a putative member of a Columbian criminal group. The Government argued in its motion for summary judgment that Defendant's conclusory allegation failed to show the required factors of "actual conflict" or "adversely affected," and moved for summary judgment on the issue.  Defendant does not controvert the Government's argument, and a review of his pleadings reveals no basis for granting relief on such claim.

Defendant takes a different tack in his response to the motion for summary judgment and argues that counsel advised him to sign a plea agreement that waived his rights to appeal

or pursue collateral relief.  According to Defendant, the plea agreement waiver provision "effectively protects the defense attorney from an ineffective [assistance] claim," and constitutes a conflict of interest.  (Docket Entry No. 238, p. 2.)  However, Defendant's conclusory allegations fail to establish that the plea agreement gave rise to an *actual* conflict of interest that adversely affected counsel's representation in this instant case.

The Government is entitled to summary judgment dismissal of Defendant's claim that counsel labored under a conflict of interest.

B.    Discovery

Defendant next contends that trial counsel was ineffective in failing to file a motion for discovery.  He claims that, had counsel pursued discovery, he would have uncovered "exculpatory evidence" in the form of possible recordings or transcripts of Defendant's "quid pro quo" proffer agreements with federal agents made the day of his arrest.  Defendant baldly asserts that the information he provided to the Government constituted "immunized evidence" that could not be used against him.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Defendant presents here nothing more than generalized and conclusory assertions that a recording or transcript of his post-arrest debriefing would show that the Government used "immunized statements" at sentencing.  His assertions are unsupported in the record and are

insufficient to prove ineffective assistance of counsel predicated on failure to investigate. *See Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support his claim that counsel was ineffective for failing to investigate and present evidence).

Defendant presents no probative evidence of any recorded "immunized statements" that counsel failed to investigate or discover, nor does he establish that such statements or information derived therefrom were improperly used against him at sentencing. Defendant demonstrates neither deficient performance or actual prejudice, and the Government is entitled to summary judgment dismissal of this claim.

C.   Failure to Object

Defendant further argues in his response that trial counsel failed to object to four enhancement provisions appearing in the PSR. He states that counsel initially filed two objections to the PSR, but then withdrew them at the last minute without consulting him. According to Defendant, counsel should have objected to the number of firearms, the obliterated serial numbers, the trafficking of firearms, and "another felony offense" referenced in the PSR as grounds for enhanced sentencing.

The record does not support Defendant's allegation that counsel waived the two written objections without his consent. In his "Objections to Presentence Investigation Report" filed by counsel, Defendant objected to paragraph 33 of the PSR and to the number of weapons used to calculate the offense level. (Docket Entry No. 154.) However, trial

7

counsel stated on the record at commencement of the sentencing hearing that, "in consultation with [Defendant] and in consultation with the government, we are going to abandon the two objections that have previously been filed in this matter." (Docket Entry No. 201, p. 3.) Defendant voiced no objection to trial counsel's announcement, and nothing in the record refutes the veracity of counsel's statement. Moreover, Defendant fails to show that counsel's actions were not the product of a reasoned trial strategy. Defendant demonstrates neither deficient performance nor actual prejudice under *Strickland* as to the two written PSR objections.

Defendant further argues that trial counsel should have objected to the obliterated serial numbers, the trafficking of firearms, and "another felony offense" referenced in the PSR as grounds for enhanced sentencing. The record clearly shows that Defendant had fully cooperated with government authorities and gave them statements and other information in reference to the criminal activities. Defendant's allegations of undiscovered exculpatory evidence are conclusory, specious, and unsupported by probative evidence in the record, and Defendant fails to establish any objection that would have been granted by the Court. Deficient performance and actual prejudice are not shown, and the Government is entitled to summary judgment dismissal of this claim.

## V. SENTENCING ERRORS

Defendant next claims that this Court procedurally erred in adjusting his offense level pursuant to Sentencing Guideline §§ 2K2.1(b)(4)(B), (b)(1)(E), (b)(5), and (b)(6)(B).

As correctly argued by the Government, claims that a trial court incorrectly applied provisions of the sentencing guidelines are not cognizable under section 2255. *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996). Moreover, the record shows that appellate counsel filed an *Anders* brief on appeal,[2] to which Defendant filed a *pro se* response raising these alleged sentencing errors. The Fifth Circuit Court of Appeals expressly considered and rejected Defendant's *pro se* response arguments. *United States v. Regan*, No. 13-20406, at *2 (5th Cir. 2014) ("We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Regan's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review."). Claims that were raised and rejected on appeal may not be raised again in a section 2255 proceeding. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014).

The Government is entitled to summary judgment dismissal of these claims.

## VI.  INSUFFICIENT EVIDENCE

Defendant contends that the Court abused its discretion by accepting his guilty plea to Count 12 (unlawful possession of an unregistered firearm) because the Government failed to offer a sufficient factual basis to support a finding of guilt. Specifically, Defendant argues that the Government failed to allege and show adequately that he knew the firearm in his

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

possession bore the features or characteristics of a firearm within the definition of 26 U.S.C. § 5845.

Defendant argued in his *pro se Anders* response on appeal that his conviction under Count 12 was "unconstitutional" because "[he] had no specific intent to possess an unregistered, therefore illegal firearm, an [*sic*] no actual knowledge that the weapon was illegal.  Therefore, the required element of *mens rea* is missing from the offense, Count 12 of the instant offense[.]" As noted above, the Fifth Circuit expressly considered and rejected these and Defendant's other *pro se* response claims and dismissed the appeal as frivolous. Claims that were raised and rejected on appeal may not be raised again in a section 2255 proceeding. *Kalish*, 780 F.2d at 508; *Fields*, 761 F.3d at 466.

Regardless, the record before this Court provides no support for Defendant's argument.  When asked by the Court at the plea hearing whether he understood the charges against him, Defendant stated on the record that he understood the charges.  (Docket Entry No. 211, p. 4.) Moreover, as to Count 12, Defendant specifically admitted in open court that,

> [D]uring a search warrant that was executed on March 8th of 2011, a Surplus Model Low 15.232 caliber semiautomatic rifle having a barrel of less than 16 inches in length was in [his possession] and that firearm was not registered, as required by him, in the National Firearm Registration and Transfer record. [He] acquired the firearms from multiple dealers throughout the country knowing that he was not licensed to do so and with the knowledge that this activity was unlawful.

(Docket Entry No. 211, p. 11.)  Count 12 charged Defendant with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  Defendant

10

admitted that he possessed an unregistered firearm that was required to be registered. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Defendant pleaded guilty to Count 12, and in so doing, admitted to the requisite elements of the offense; the Government was not required to reference the term "mens rea" in its summarization of the facts. Defendant's reliance on *United States v. Anderson*, 885 F.2d 1248 (5th Cir. 1989), is misplaced, as *Anderson* addressed evidence of intent in context of a jury trial, not a guilty plea.

The Government is entitled to summary judgment dismissal of Defendant's challenge to the sufficiency of the evidence as to Count 12.

## VII.  USE OF IMMUNIZED EVIDENCE FOR ENHANCEMENT

Defendant next complains that "immunized evidence" was used against him for enhancement purposes, which he claims was evidence he gave the Government under the terms of the proffer agreement. Defendant contends that the use of this evidence violated section 1B1.8(a) and resulted in the addition of eight levels to his offense level computation. In countering this claim, the Government argues that Defendant has not identified any specific evidence that was gleaned as a result of his cooperation that the Court should not have considered for sentencing purposes.

Defendant raised this issue in his *pro se* response to the *Anders* brief on direct appeal. The Fifth Circuit expressly considered and rejected Defendant's *pro se* response arguments.

11

Consequently, this Court cannot reconsider this issue in context of the instant section 2255 proceeding. *See Kalish*, 780 F.2d at 508; *Fields*, 761 F.3d at 466.

Regardless, Defendant fails to delineate any specific proffered evidence that was improperly considered under section 1B1.8. His conclusory and unsupported assertion that "immunized evidence" was used against him is insufficient to warrant habeas relief.

The Government is entitled to summary judgment dismissal of this claim.

## VIII.   CONCLUSION

The Government's motion for summary judgment (Docket Entry No. 234) is **GRANTED**. Defendant's section 2255 motion (Docket Entry No. 227) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED TO ADMINISTRATIVELY CLOSE** Civil Action No. H-15-1630.

Signed at Houston, Texas, on this the *12* day of December, 2016.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

12